## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| PULASKI BANK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 12-2433- KHV** |
| **FIRST STATE BANK OF** | ) | |
| **ST. CHARLES, MISSOURI,** | ) | |
| **RITA D. RIEKE, LINDA A. STEWART,** | ) | |
| **and CHARLES D. ZIEGLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #3) filed July 10, 2012 and plaintiff's Motion To Strike Supplemental Affidavit Of Daniel Simpson [Doc. 38] (Doc. #41) filed July 25, 2012.  On July 24, 2012, the Court held a hearing on Pulaski Bank's motion for temporary restraining order and preliminary injunction. All parties appeared through counsel.  Given time constraints, the parties agreed to treat the motion as one for a temporary restraining order.  At the hearing, the Court gave First State Bank leave to file the supplemental affidavit of Daniel Simpson.  Pulaski Bank's motion to strike is therefore denied.  Having thoroughly reviewed the record, the Court grants in part Pulaski Bank's motion for temporary restraining order.

A temporary restraining order "is an extraordinary and drastic remedy" that should not be granted unless the movant carries its burden of persuasion by a clear showing.  West v. Derby Unified Sch. Dist. No. 260, 23 F. Supp.2d 1220, 1222 (D. Kan. 1998).  To obtain a temporary restraining order, Pulaski Bank must show (1) it will suffer irreparable injury unless the motion is granted; (2) the threatened injury outweighs whatever damage the proposed injunction may cause

the opposing parties; (3) the injunction, if issued, would not be adverse to the public interest; and (4) a substantial likelihood that it will prevail on the merits. Winnebago Tribe of Neb. v. Stovall, 205 F. Supp.2d 1217, 1221 (D. Kan. 2002) (citing Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1171 (10th Cir. 1998)), aff'd 341 F.3d 1202 (10th Cir. 2003). If Pulaski Bank can show that the first three elements weigh heavily in its favor, the test is modified – it may meet the requirement for showing likelihood of success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation. Walmer v. U.S. Dept. of Def., 52 F.3d 851 (10th Cir.), cert. denied 516 U.S. 974 (1995).

The purpose of a temporary restraining order is to "preserve the status quo pending the outcome of the case." Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986). Whether to grant a temporary restraining order rests within the Court's sound discretion. Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC, 562 F.3d 1067, 1070 (10th Cir. 2009).

Pulaski Bank brings suit against First State Bank of St. Charles, Missouri, and three former employees who left Pulaski Bank to work at First State Bank – Rita D. Rieke, Linda A. Stewart, and Charles D. Ziegler. It alleges that defendants orchestrated a mass exodus by employees in its Overland Park, Kansas mortgage services office. Among other things, it claims that defendants in conjunction with others took sensitive customer-related data from its computerized databases in violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq. ("CFAA") (Count I) and misappropriated trade secrets in violation of the Kansas Uniform Trade Secrets Act, K.S.A. §§ 60-3320, et seq. ("KUTSA") (Count II).

The facts show that Ziegler and at least two other Pulaski Bank employees – Christopher Resch and Derek Mannell – took customer-related information from Pulaski Bank to First State

Bank. Stewart attempted to do the same, but a Pulaski Bank IT specialist prevented her from downloading any data. Defendants argue that all the customer-related information in question is publicly available and therefore not trade secrets. Pulaski Bank counters that at least some of the information, such as interest rate, loan balance, and borrower income, are not publicly available.

First State Bank has segregated customer names and addresses from the rest of the information and "has no intent or desire to use anything but the names and addresses from the spreadsheet." Defendant First State Bank's Memorandum In Opposition To Plaintiff's Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #17) filed July 16, 2012. Its Vice President and Director of Mortgage, Dan Simpson, reiterated at the hearing that other than customer names and addresses, First State Bank has no intention of using the information former Pulaski Bank employees brought with them.

On this record, Pulaski Bank has not shown that it is likely to prove that customer names and addresses are trade secrets, i.e. not readily ascertainable by proper means. See K.S.A. § 60-3220(2). Pulaski Bank also has not shown a likelihood of success on the merits of its CFAA claim because Rieke, Stewart, and Ziegler were authorized to use Pulaski Bank computers to access the data they took to First State Bank. See US Bioservices Corp. v Lugo, 595 F. Supp.2d 1189 (D. Kan. 2009) (CFAA targets "unauthorized procurement or alteration of information, not its misuse or misappropriation"; therefore access to a protected computer "without authorization" occurs only when initial access is not permitted and "exceeding authorized access" occurs only when initial access to computer is permitted but access of certain information is not permitted – defendants' intent does not determine whether they acted without authorization or have exceeded authorized access); Farmers Bank & Trust, N.A. v. Witthuhn, No. 11-2011-JAR, 2011 WL 4857926 (D. Kan. Oct. 13, 2011) (same). Therefore Pulaski Bank is not entitled to a temporary restraining order with respect to the customer names and addresses its former employees took to First State Bank.

With respect to the other information Pulaski Bank seeks to protect, however, it is entitled to a temporary restraining order.  At this point, Pulaski Bank has shown that it will suffer some irreparable injury if First State Bank is able to use certain customer information its former employees took.  This threatened injury outweighs any damage to defendants because First State Bank has no desire to use it.  Prohibiting defendants from using the information would not be adverse to the public interest.  Although the Court has doubts about the strength of Pulaski Bank's claims, the Court finds that the issues it raises are ripe for litigation and deserving of more deliberate investigation.  See Walmer, 52 F.3d at 854.

For these reasons, and in the interest of preserving potential trade secrets, the Court orders defendants to continue to compile and quarantine all customer-related information that former Pulaski Bank employees brought with them to First State Bank.  With the exception of customer names and addresses, defendants shall not use any of this information.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #3) filed July 10, 2012 be and hereby is **GRANTED in part**. Accordingly, it is **FURTHER ORDERED** as follows:

Defendants Rita D. Rieke, Linda A. Stewart, and Charles D. Ziegler are prohibited from using or disclosing any documents and information concerning specific customer contact and other customer-related, transaction-related, and account-related information including, but not limited to, social security number, tax I.D. numbers, interest rates, principal amounts, fees charged, interest paid, maturity dates, loan product, and sources of funds.  Except that defendants Rieke, Stewart, and Ziegler may use for marketing purposes customer names and addresses from the lists they brought from Pulaski Bank to First State Bank.

Defendants Rieke, Stewart, and Ziegler shall collect and preserve all evidence on any media, including hard copies, electronic, computer or other format, including metadata, which in any way

relates to the claims alleged in Pulaski Bank's amended complaint.

Defendant First State Bank of St. Charles, Missouri, and its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with any of them (specifically including, but not limited to, any person who was formerly employed by Pulaski Bank at any time since January 1, 2011 and is now employed by or will be employed by defendant First State Bank) are prohibited from using or disclosing any documents and information concerning specific customer contact and other customer-related, transaction-related, and account-related information including, but not limited to, social security number, tax I.D. numbers, interest rates, principal amounts, fees charged, interest paid, maturity dates, loan product, and sources of funds. Except that defendant First State Bank may use for marketing purposes customer names and addresses from the lists brought to First State Bank by former employees of Pulaski Bank.

Defendant First State Bank of St. Charles, Missouri, and its officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with any of them (specifically including, but not limited to, any person who was formerly employed by Pulaski Bank at any time since January 1, 2011 and is now employed by or will be employed by defendant First State Bank) shall collect and preserve all evidence on any media, including hard copies, electronic, computer or other format, including metadata, which in any way relates to the claims alleged in Pulaski Bank's amended complaint.

This temporary restraining order shall remain in effect until further order of the Court.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Strike Supplemental Affidavit Of Daniel Simpson (Doc. #41) filed July 25, 2012 be and hereby is **DENIED**.

Dated this 26th day of July, 2012 at Kansas City, Kansas.

s/ Beth Phillips
Beth Phillips
United States District Judge