**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PULASKI BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2433- KHV |
| FIRST STATE BANK OF ) | |
| ST. CHARLES, MISSOURI, ) | |
| RITA D. RIEKE, LINDA A. STEWART, ) | |
| and CHARLES D. ZIEGLER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff brings suit against First State Bank of St. Charles, Missouri, Rita D. Rieke and Charles D. Ziegler alleging violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 et seq. (Count I); misappropriation of trade secrets in violation of the Kansas Uniform Trade Secrets Act ("KUTSA"), K.S.A. § 60-3320 et seq. (Count II); and tortious interference with business relationships and contracts (Count IV); civil conspiracy to misappropriate trade secrets and violate the CFAA (Count V); and unfair competition (Count VI). In addition to these claims against all defendants, plaintiff alleges that Rieke and Ziegler breached the duty of loyalty under the faithless servant doctrine (Count III). Rieke has filed a counterclaim alleging that plaintiff violated the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 et seq. This matter is before the Court on Plaintiff's Motion For Voluntary Dismissal (Doc. #84) filed November 1, 2012.

Under Federal Rule of Civil Procedure 41(a)(2), plaintiff seeks to dismiss its claims without prejudice in order to pursue its claims in state court. First State Bank oppose the motion, contending that plaintiff's CFAA claim should be dismissed with prejudice. It argues that by voluntarily dismissing its claims, plaintiff seeks a tactical advantage – avoiding an adverse decision on

defendants' motion to dismiss the CFAA claim. The individual defendants agree.

Rule 41(a)(2) states that, except in certain circumstances not present here –

an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Rieke does not object to dismissal of her counterclaim, as long as it is dismissed without prejudice. Defendants Rieke And Ziegler's Memorandum In Opposition To Plaintiff's Motion For Voluntary Dismissal Of The Computer Fraud And Abuse Claim (Doc. #88) filed November 8, 2012 at 2. So the question is whether plaintiff's request for voluntary dismissal without prejudice is on terms that the Court considers proper. See Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions. Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005). Whether to grant voluntary dismissal is within the court's discretion; absent legal prejudice to defendants, however, courts normally should grant dismissal. Brown, 413 F.3d at 1123.

Prejudice does not arise simply because a second action has been or may be filed. Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991). Prejudice is a function of other, practical factors, including (1) the opposing parties' effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of movant, (3) insufficient explanation of the need for a dismissal and (4) the present stage of litigation. Brown, 413 F.3d at 1124; Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). These factors are neither exhaustive nor conclusive; courts should be sensitive to other considerations unique to the circumstances of each case. Brown, 413 F.3d at 1124; Ohlander, 114 F.3d at 1537. In determining

whether to grant voluntary dismissal, the Court should endeavor to insure substantial justice is accorded to both parties. Ohlander, 114 F.3d at 1537. The Court should therefore impose only those conditions that actually will alleviate harm to defendants. Am. Nat'l Bank & Trust Co., 931 F.2d at 1412. A district court does not abuse its discretion in dismissing an action without prejudice even where plaintiff's only motive is to recommence it in state court. Id.

On July 10, 2012, plaintiff filed suit. It brought six claims, only one of which – the CFAA claim – arises under federal law. Based on its CFAA claim, plaintiff alleges supplemental jurisdiction over its state-law claims. See Plaintiff's Verified Amended Complaint For Injunctive Relief And Damages (Doc. #28) filed July 19, 2012; 28 U.S.C. § 1367(a). Defendants have moved to dismiss and have sought summary judgment on plaintiff's CFAA claim. Individual Defendants' Motion For Partial Summary Judgment (Doc. #65) filed August 14, 2012; Motion To Dismiss Plaintiff's Amended Complaint (Doc. #69) filed August 16, 2012. On October 25, 2012, U.S. Magistrate Judge James P. O'Hara held a status conference. As agreed by the parties, Judge O'Hara denied without prejudice defendants' motions to dismiss and motion for summary judgment. Order (Doc. #83) filed October 26, 2012 at 3. He also gave plaintiff leave to file a second amended complaint by November 1, 2012, to add more specific facts that plaintiff reasonably believed supported its CFAA claim. And he gave defendants until November 8, 2012, to revise and refile its motion to dismiss plaintiff's CFAA claim.

Plaintiff maintains that it has a viable CFAA claim. In the interest of saving time, money and court resources, however, plaintiff has abandoned its CFAA claim and refiled the action in the Circuit Court of St. Louis County, Missouri. For these reasons, plaintiff now seeks voluntary dismissal without prejudice. The parties have exchanged limited informal discovery; all formal discovery has been stayed.

In light of this procedural history, the Court finds that voluntary dismissal without prejudice would not prejudice defendants, i.e. unfairly affect them.  The case is still in the very early stages; plaintiff filed it just four months ago and formal discovery has been stayed for most of that time. See Lienemann v. Glock, Inc., No. 08-2484-JWL, 2009 WL 1505542, at *3-4 (D. Kan. May 27, 2009) (voluntary dismissal without prejudice appropriate where case in early stage – only written discovery exchanged).  Although defendants have filed motions to dismiss and a motion for summary judgment, the motions have not been fully briefed and are not pending at this time.  Under Judge O'Hara's recent order, plaintiff is entitled to file an amended complaint after which defendant would file a revised motion and memorandum in support.  See Order (Doc. #83) at 3.  Plaintiff has not delayed this action or shown any lack of diligence.

Moreover, plaintiff's reason for seeking voluntary dismissal without prejudice is sound. Plaintiff states that it has chosen to abandon its CFAA claim because litigating that claim will continue to require a substantial commitment of time and resources, and will delay resolution of the action as a whole.  Defendants counter that plaintiff seeks voluntary dismissal to avoid dismissal or summary judgment on the CFAA claim.  Defendants rely on the fact that on the record before the Court on plaintiff's motion for temporary restraining order, U.S. District Judge Beth Phillips noted that plaintiff had not shown a likelihood of success on the merits of its CFAA claim.  See Defendant First State Bank's Memorandum In Opposition To Plaintiff's Motion For Voluntary Dismissal (Doc. #86) field November 7, 2012 at 1 (citing Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996)).  Plaintiff argues that it does not intend to refile its CFAA claim, but opposes dismissal with prejudice so that defendants cannot argue that plaintiff is somehow collaterally estopped from asserting its claim under the  Missouri Computer Tampering Act, Mo. Ann. Stat. § 569.097.

Over the last few months, the parties have worked together in good faith to streamline the litigation and reach a quick and just resolution of the matter. See Order (Doc. #83) at 1. The Court has no reason to believe that plaintiff is acting in bad faith or seeking an unfair advantage. The mere possibility that plaintiff may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice. Am. Nat'l Bank & Trust Co., 931 F.2d at 1412; Gassaway v. Jarden Corp., No. 11-2496-RDR, 2012 WL 984280, at *2-3 (D. Kan. March 21, 2012); see also Brown, 413 F.3d at 1125-26 (distinguishing Phillips USA, Inc.; affirming dismissal without prejudice with conditions where plaintiff moved to dismiss medical malpractice action without prejudice to avoid adverse summary judgment ruling for lack of expert witness).

Having considered all the circumstances of this case, including the factors listed above, the Court finds that voluntary dismissal without prejudice will not adversely affect defendants and will promote substantial justice for all parties. In addition, to make the most of the limited discovery exchanged so far in this case, the parties shall carry over such discovery to the state-court case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Voluntary Dismissal (Doc. #84) filed November 1, 2012, be and hereby is **SUSTAINED**. All claims and counterclaims are dismissed without prejudice.

Dated this 20th day of November, 2012 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          KATHRYN H. VRATIL
                                          United States District Judge